UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

MICHAEL DOSWELL,

    Plaintiff,

v.                                          Case No.: _____

OUTLAW RENTALS, INC.; CLASSY
CYCLES, INC.; and COLLEEN SWAB,

    Defendants.
_____/

**INITIAL COMPLAINT**

COMES NOW the plaintiff, Michael Doswell, by and through his undersigned counsel, and hereby files this Initial Complaint against defendants, Outlaw Rentals, Inc.; Classy Cycles, Inc.; and Colleen Swab, and alleges:

*I. Jurisdiction and Venue*

1. This Court has jurisdiction of this cause pursuant to 28 U.S.C. § 1331 insofar as claims arise under the Fair Labor Standards Act (FLSA), codified at 29 U.S.C. § 201, *et seq.*

2. Venue is appropriate in this Court pursuant to 28 U.S.C. §1391(b) and (c) because the claims arose in this district; defendants have an office and operate in this district; plaintiff was employed, paid, and worked in this district; all causes of action accrued in this district; and defendants are subject to personal

jurisdiction in this district.

## II. Parties

3. At all times relevant hereto, plaintiff, Michael Doswell (hereinafter at times "Doswell"), was an employee of defendants.

4. At all times relevant hereto, defendant Outlaw Rentals, Inc. (hereinafter at times "Outlaw") employed two or more persons engaged in interstate or foreign commerce and/or engaged in handling and working on goods and materials that had moved in interstate or foreign commerce, and upon information and belief has had gross sales made or business done of not less than $500,000 per year.

5. Defendant Outlaw is subject to, and not exempt from, the FLSA.

6. At all times relevant hereto, defendant Classy Cycles, Inc. (hereinafter at times "Classy Cycles") employed two or more persons engaged in interstate or foreign commerce and/or engaged in handling and working on goods and materials that had moved in interstate or foreign commerce, and upon information and belief has had gross sales made or business done of not less than $500,000 per year.

7. Defendant Classy Cycles is subject to, and not exempt from, the FLSA.

8. Defendant Colleen Swab (hereinafter at times "Swab") was at all times relevant hereto an officer and at least partial owner of both Outlaw and Classy Cycles, exercised control over Outlaw's and Classy Cycles' operations, and played a substantial role in determining the terms and conditions of plaintiff's employment with Outlaw and Classy Cycles.

9. Defendant Swab is subject to, and not exempt from, the FLSA.

10. Additionally, defendants were engaged in related activities which were performed through unified operation and common control for a common business purpose of offering and/or renting transportation vehicles to the general public at multiple locations in and around Bay County, Florida operating under various names but jointly advertising their services and jointly employing personnel. Defendants were thus part of a joint "enterprise" as that term is used in the FLSA.

### III. Factual Allegations

11. Doswell began working for defendants in Panama City Beach, Florida well prior to three years before the initiation of this lawsuit. Thus, at all times material hereto within three years of the filing of this action, Doswell was jointly employed by defendants.

12. In his employment with defendants, Doswell worked at one of

defendants' eight (8) locations in and around Bay County, Florida, and from time to time he would be assigned to different locations.

13.     Plaintiff and defendants agreed he was an hourly employee who was to be compensated at an hourly rate for his hours worked.

14.     In addition to his hourly wage, Doswell was eligible to receive various benefits and bonuses.

15.     At times, Outlaw would pay plaintiff his wages and bonus, while at other times Classy Cycles would pay him.  Swab would sometimes deliver Doswell's paycheck to him personally.

16.     At all times material hereto plaintiff was an "employee" of Outlaw within the meaning of the FLSA.

17.     At all times material hereto plaintiff was an "employee" of Classy Cycles within the meaning of the FLSA.

18.     At all times material hereto plaintiff was an "employee" of Swab within the meaning of the FLSA.

19.     At all times material hereto defendant Outlaw was an "employer" of plaintiff within the meaning of the FLSA.

20.     At all times material hereto defendant Classy Cycles was an "employer" of plaintiff within the meaning of the FLSA.

21. At all times material hereto defendant Swab was an "employer" of plaintiff within the meaning of the FLSA.

22. During him employment with defendants, plaintiff often worked in excess of 40 hours per week. Nevertheless, defendants failed to pay plaintiff premium pay for his overtime hours worked, instead only paying him straight time for her overtime labor.

23. Additionally, upon information and belief defendants would not credit/pay him for all of his hours worked. Moreover, this practice persisted despite plaintiff's objections to Swab.

24. Plaintiff remained an employee of defendants until on or about September 29, 2023.

### IV. Violation of Fair Labor Standards Act
### (Overtime)

25. Plaintiff realleges and incorporates herein paragraphs 1 through 24, above.

26. Defendants are subject to, and not exempt from, the provisions of the FLSA.

27. Plaintiff was entitled to, and not exempt from, the protections and provisions of the FLSA. Additionally, there were no exemptions under the FLSA

which would be applicable to plaintiff.

28. Throughout plaintiff's employment with defendants, defendants were fully aware of the FLSA and the obligations imposed by it to pay plaintiff's overtime wages when she worked in excess of forty (40) hours in a workweek.

29. Nevertheless, defendants willfully and intentionally failed and refused to properly compensate plaintiff and pay her overtime wages as owed. Such conduct of defendants constituted a violation of the FLSA, as well as a willful and intentional violation thereof.

30. As a result of defendants' violation of the FLSA, plaintiff has been denied compensation for her overtime labor at the legally required rate.

31. Moreover, plaintiff has had to retain an attorney in order to collect the legally required overtime wages owed to him by defendants.

WHEREFORE, plaintiff demands judgment against defendants for all unpaid overtime compensation; an additional equal amount as liquidated damages; interest, including pre-judgment interest; costs; attorney's fees; and any other relief to which he may be entitled.

[Remainder of Page Intentionally Left Blank]

*Plaintiff demands jury trial on all issues contained in this Initial Complaint which are so triable.*

                                                Respectfully submitted,

                                                s/Bradley S. Odom
                                                Bradley S. Odom, Esq.
                                                Florida Bar Number:   932868
                                                ODOM LAW GROUP, P.A.
                                                1800 North "E" Street
                                                Pensacola, Florida  32501
                                                (850) 434-3527
                                                Attorney for Plaintiff
                                                email@odomlawgroup.net